IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARK FERNANDEZ,

    Plaintiff,

vs.                                                                                           No. CIV 03-1334 RB/WDS

MORA-SAN MIGUEL ELECTRIC
COOPERATIVE, INC., LUCERO
PROFESSIONAL SERVICES, LTD.,
CARL ARMIJO, in his individual
capacity, ERNESTO GONZALES,
LEVI ALCON, and YVETTE ALCON,

    Defendants,

consolidated with,

DON ABREU,

    Plaintiff,

vs.                                                                                           No. CIV 03-1468 RB/RHS

MORA-SAN MIGUEL ELECTRIC
COOPERATIVE, INC., MORA COUNTY
SHERIFF'S OFFICE, FOURTH JUDICIAL
DISTRICT ATTORNEY'S OFFICE, LUCERO
PROFESSIONAL SERVICES, LTD.,
CARL ARMIJO, in his official and individual
capacities, ERNESTO GONZALES,
LEVI ALCON, and YVETTE ALCON,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** came before the Court on Plaintiff's Motion for Reconsideration (Doc. 99), filed on February 16, 2005. Jurisdiction is founded upon 28 U.S.C § 1331. Having reviewed the submissions of the parties and the relevant law, I will deny the motion.

**I. Background.**

Plaintiffs request that I reconsider my rulings denying their motions for summary judgment on their claims for violation of the Employee Polygraph Protection Act ("EPPA"), 29 U.S.C. § 2001-2009. On February 11, 2005, I issued a Memorandum Opinion and Order denying Fernandez's cross motion for summary judgment on the ground that genuine issues of material fact remained in dispute as to whether the Co-op passively cooperated with a criminal investigation and as to whether the Co-op violated EPPA. In a separate Memorandum Opinion and Order issued on the same day, I denied Abreu's motion for summary judgment on the grounds that genuine issues of material fact remained in dispute as to the reasons for Abreu's termination and the question of whether Defendant complied with EPPA. Plaintiffs request that I reconsider these rulings.

**II. Standard.**

The rulings at issue adjudicated fewer than all the claims and fewer than all the rights and liabilities of the parties. *See* FED. R. CIV. P. 54(b). Under these circumstances, I have discretion to revise these ruling at any time prior to entry of final judgment. *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988). Accordingly, I exercise my discretion to revisit my prior rulings in this matter.

**III. Discussion.**

In the Abreu opinion, I mistakenly stated that the Co-op was relying on the ongoing investigation exception in response to Abreu's motion for summary judgment on the EPPA claim. In fact, the Coop did not rely on the ongoing investigation exception, but argued that it was a passive participant in the criminal investigation. The misstatement is not grounds to reconsider the denial of the motion for summary judgment. However, I have issued a Corrected Memorandum Opinion and

2

Order that corrects this misstatement.[1]

Plaintiffs request that I reconsider my ruling that material issues of fact precluded summary judgment on the question of whether Defendant's actions constituted a per se violation of EPPA. Plaintiffs repeat their arguments that Defendant's actions constituted a direct or indirect request for polygraph examinations, that the inquiry as to the polygraph results constituted a violation of the EPPA, and that Defendant threatened to take action against them based upon the polygraph examination results. Material facts remain in dispute as to whether Defendant was a passive participant in the polygraph examination, whether the inquiry regarding the polygraph results affected Plaintiffs' employment, and whether the results were relied on in the decisions to terminate Plaintiffs. These factual issues preclude summary judgment on the EPPA claims. The motion to reconsider will be denied.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 99), filed on February 16, 2005, is **DENIED.**

*[signature]*

---
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Corrected Memorandum Opinion and Order also remedies an error on page 22 of the original Memorandum Opinion and Order where I mistakenly stated that Defendant's motion for summary judgment was denied with respect to Count IV, instead of Count III.